UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAMIEN SHONTELL HEWLETT,

    Plaintiff,

    v.    Case No. 23-C-1604

CHARLES DOMBECK, et al.,

    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Damien Shontell Hewlett, a prisoner who is representing himself, is proceeding on Eighth Amendment and negligence claims based on allegations that Defendants ignored and/or downplayed his repeated complaints about worsening pain and tingling in his hands. On July 1, 2024, Hewlett filed a motion to appoint a medical expert. Hewlett explains that plaintiffs often require an expert to prevail on medical care claims and he does not believe that Defendants or their co-workers "are a non-bias[ed] option to handle this task." Dkt. No. 17.

The Seventh Circuit has explained that, under Fed. R. Evid. 706, "[a] court may appoint an expert to help sort through conflicting evidence, but it need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson." *Turner v. Cox*, 569 F. App'x 463, 468 (7th Cir. 2014) (internal citations omitted). Under this standard, the Court finds no basis to grant Hewlett's motion. To begin, his motion is premature. As noted, this rule is in place to assist a court in sorting through conflicting evidence, but currently there is no conflicting evidence—summary judgment motions are not due until September 11, 2024.

Further, and more importantly, it is clear from the motion that Hewlett wants an expert for *his* benefit, not *the Court's* benefit. But Rule 706 is not a vehicle for indigent parties to hire an expert favorable to their position at the opposing party's expense. Also, Hewlett's claims are not complicated. He asserts that Defendants ignored his complaints of worsening hand pain and refused to provide treatment despite his persistent complaints. Hand pain and tingling are common symptoms that a layperson can understand without the assistance of an expert, and the Court resolves claims like Hewlett's claims often, nearly always without the help of an expert. Accordingly, the Court will deny Hewlett's motion.

**IT IS THEREFORE ORDERED** that Hewlett's motion for the appointment of a medical expert (Dkt. No. 17) is **DENIED**.

Dated at Green Bay, Wisconsin this 16th day of July, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge