UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMIEN SHONTELL HEWLETT,

    Plaintiff,

  v.                                                                       Case No. 23-C-1604

CHARLES DOMBECK, ROBERT WEINMAN,
and ANN YORK,

    Defendants.

## NOTICE AND ORDER

      Plaintiff Damien Shontell Hewlett, who is representing himself, filed a complaint under 42 U.S.C. § 1983. On September 11, 2024, Defendants filed a motion for summary judgment. (ECF No. 19.) Under Civil L. R. 56(b)(2), Hewlett's response materials are due within thirty days of service of the motion, or by **October 11, 2024**. In responding to the motion, Hewlett must respond to each of the proposed facts by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact. Hewlett must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on admissible documents that he attaches to his response or by telling the Court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. § 1746.[1] An unsworn declaration is a way for a party to tell his side of the story while declaring to the Court that everything in the declaration is true and correct.

---

[1] At the bottom of his declaration he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. § 1746(2).

It is not enough for Hewlett to file only a declaration telling his side of the story. Civil L. R. 56(b)(2)(B) requires Hewlett to respond to *each* proposed fact. If Hewlett does not respond to a proposed fact, the Court will assume that Hewlett does not dispute the proposed fact and will accept the proposed fact as true, regardless of contrary statements in a declaration. *See* Civil L. R. 56(b)(4). Hewlett must also respond to the legal arguments in Defendants' brief.

If Hewlett fails to respond to the motion by the deadline, the Court will accept all facts asserted by Defendants as undisputed, which will likely result in summary judgment being granted in Defendants' favor and the case being dismissed. Further, the Court reminds Hewlett that, under Civil L. R. 56(b)(9), failure to comply with the requirements of Civil L. R. 56 may result in sanctions up to and including the Court granting Defendants' motion.

If Hewlett believes he needs additional time to prepare his response materials, he must file a motion asking the Court to extend the deadline *before* his response materials are due. If he files such a motion, he must explain why he needs additional time and how much additional time he needs.

**IT IS THEREFORE ORDERED** that, if by **October 11, 2024**, Hewlett does not respond to the summary judgment motion or does not request additional time to do so, the Court will accept all facts asserted by Defendants as undisputed and may grant the motion as a sanction for noncompliance with this order and the local rules.

Dated at Green Bay, Wisconsin this 12th day of September, 2024.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge