UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMIEN SHONTELL HEWLETT,

        Plaintiff,

      v.                                          Case No. 23-C-1604

CHARLES DOMBECK, et al.,

        Defendants.

## ORDER GRANTING BRIEF EXTENSION

      Plaintiff Damien Shontell Hewlett, who is confined at the Waupun Correctional Institution and representing himself, is proceeding on Eighth Amendment and negligence claims based on allegations that Defendants ignored and/or downplayed his repeated complaints about worsening pain and tingling in his hands. Nearly *five months* ago, Defendants moved for summary judgment. The Court granted Hewlett's two previous requests for sixty-day extensions to respond (Dkt. Nos. 27 & 30), most recently allowing him an additional sixty (60) days based on his representations that, following his release from temporary lockup, "all the documents [he] had prepared to respond to Defendants' summary judgment in this matter . . . were gone, missing, and not in his property." Dkt. No. 30. The Local Rules for the district allow thirty (30) days for a response in opposition to a motion for summary judgment. Civil L.R. 56(b)(2). The Court warned Hewlett that further extensions of the deadline to respond would not be granted absent a showing of extraordinary circumstances.

      On February 7, 2025, the day Hewlett's response materials were due, he filed another motion for an extension of time. Dkt. No. 32. He explains that he requested to review his medical

records to get the documents he "NEEDS" to respond to the motion. Hewlett explains he does not have control over when health services schedules passes to review medical records. Hewlett does *not*, however, state when he submitted his request to health services, nor does he identify what documents he "needs" to respond.

Hewlett has personal knowledge of the treatment he received (or did not receive), and he can respond to Defendants' proposed findings of fact and arguments by setting forth his version of what happened in a declaration or affidavit. He does not need medical records to corroborate statements he makes under penalty of perjury. Further, in support of their motion, Defendants attached nearly a hundred pages from Hewlett's medical records, so it is unclear whether additional relevant records even exist. Accordingly, Hewlett has not shown good cause for further delaying resolution of Defendants' motion. The Court will allow him one week to submit his materials in response to Defendants' summary judgment motion. If he does not file his materials with the Court by **February 18, 2025**, it will assume all facts asserted by Defendants are undisputed and it will decide their motion without Hewlett's input.

**IT IS THEREFORE ORDERED** that Hewlett's motion for a sixty-day extension of time (Dkt. No. 32) is **DENIED**. Instead, Hewlett will be given a one-week extension. Hewlett must file his materials in response to Defendants' summary judgment motion by **February 18, 2025**. If he does not, the Court will decide the motion without Hewlett's input.

Dated at Green Bay, Wisconsin this 10th day of February, 2025.

_William C. Griesbach_
William C. Griesbach
United States District Judge