UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAMIEN SHONTELL HEWLETT,

                      Plaintiff,

v.                                                                           Case No. 23-C-1604

CHARLES DOMBECK et al.,

                      Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Damien Shontell Hewlett, who is incarcerated at Waupun Correctional Institution and representing himself, is proceeding on Eighth Amendment claims based on allegations that Defendants were deliberately indifferent to the persistent pain, numbness, and tingling in his hands, which began after wrist restraints were applied too tightly. *See* Dkt. No. 4. Defendants moved for summary judgment more than five months ago on September 11, 2024. Dkt. No. 19. In a notice and order, the Court reminded Hewlett that under Civil L. R. 56(b)(2) his response materials were due by October 11, 2024. Dkt. No. 26. The Court warned Hewlett that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in Defendants' favor and the case being dismissed. Hewlett twice moved for sixty-day extensions of his response deadline, which the Court granted, making his response deadline February 7, 2024. The Court warned Hewlett that, absent extraordinary circumstances, no further extensions would be granted. Dkt. No. 31. On the day his response materials were due, Hewlett yet again moved to extend his deadline to respond. After concluding that Hewlett had not shown good cause for further delaying resolution of Defendants' motion, the Court allowed Hewlett one week, or until February 18, 2025,

to file his response materials. The deadline passed, and Hewlett did not respond to Defendants' summary judgment motion.

The Court has reviewed the Defendants motion, brief in support, supporting exhibits, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Hewlett's failure to respond, the Court finds that no jury could reasonably conclude that Defendants were deliberately indifferent to Hewlett's hand condition.

As to Advanced Practice Nurse Prescriber Charles Dombeck, the undisputed facts show that, based on Hewlett's description of his injury and an evaluation of Hewlett's hands, Dombeck concluded that the radial nerve in Hewlett's wrists had been compressed during the application of wrist restraints, causing neuropathy, which manifested as numbness and tingling in Hewlett's thumbs and fingers. The undisputed facts also show that, with the understanding that it may take months or even years of conservative therapy for Hewlett's neuropathy to resolve, Dombeck ordered capsaicin cream and diclofenac topical gel to address the pain and tingling and concluded that no further intervention, diagnostic testing, or specialty consult was warranted because none of those would affect the healing process. Dombeck's plan to allow the injury to heal with time appears to have been confirmed, as five months later, during an examination, Hewlett complained only of numbness in his right thumb. He no longer complained of pain in either hand or of any symptoms in his left hand. Based on the reported improvement in symptoms, Dombeck concluded that additional time may result in total recovery. He also concluded that numbness that Hewlett was experiencing may have been related to his carpal tunnel syndrome, for which another provider had prescribed a brace.

2

Dombeck is entitled to summary judgment because there is no evidence suggesting that no minimally competent professional would have responded to Hewlett's complaints as Dombeck responded. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Hewlett would have preferred diagnostic tests and a referral to a specialist, but prisoners are not entitled to demand specific care, nor are they entitled to the best care possible. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). They are entitled only to reasonable measures to address a substantial risk of serious harm. Dombeck exercised his professional judgment when he concluded that further testing or treatment would have no impact on the resolution of Hewlett's injury, as the injury required only time to heal. Absent evidence suggesting that Dombeck's conclusion was made in the absence of professional judgment, his treatment decision must be afforded deference. Hewlett has presented no such evidence, so Dombeck is entitled to summary judgment.

As to Nurse Ann York, the Court finds based on the undisputed facts that she promptly responded to Hewlett's health service requests with relevant information about his appointments and about his provider's treatment decisions. Given that Hewlett was not under her direct care, no jury could reasonably conclude that she demonstrated deliberate indifference when she provided Hewlett with the information he requested and deferred to Dombeck's plan of care. *See Franklin v. Hannula*, 850 F. App'x 436, 439 (7th Cir. 2021) (explaining that a nurse does not demonstrate deliberate indifference when he/she defers to a doctor's instructions that pose no obvious and serious risk to the inmate's health). Nurse York is therefore also entitled to summary judgment.

And, finally, as to Health Services Manager Robert Weinman, the Court concludes he is entitled to summary judgment because he had no personal involvement in Hewlett's care. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). The undisputed facts show that Weinman's involvement was limited to serving as the reviewing authority for ruling on Hewlett's

3

Case 1:23-cv-01604-WCG   Filed 02/28/25   Page 3 of 4   Document 34

inmate complaints. It is well settled that ruling on an inmate complaint does not satisfy the personal involvement requirement as doing so does not cause or contribute to the underlying violation. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

**IT IS THEREFORE ORDERED** that the Defendants' motion for summary judgment (Dkt. No. 19) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 28th day of February, 2025.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.